FILED
COURT OF APPEALS
DIVISION II

2013 JUL 30 AM 10: 33

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| MARIUSZ K. KOWALEWSKI, | No. 43067-3-II |
| Appellant, | |
| v. | |
| BARBARA B. KOWALEWSKA, | UNPUBLISHED OPINION |
| Respondent. | |

PENOYAR, J. — Mariusz Kowalewski appeals the trial court's denial of his motion to terminate a restraining order. Because he failed to provide a sufficient record for review, there is nothing in the record to establish any error in the trial court's order and we affirm. Additionally, we affirm the trial court's award of attorney fees to Barbara Kowalewska and we award Barbara[1] attorney fees on appeal.

## FACTS

The trial court entered a decree dissolving Mariusz and Barbara's marriage on March 25, 2005. The decree included a permanent restraining order against Mariusz, enjoining him from coming within 500 feet of Barbara's home, workplace, or school.

In October 2011, Mariusz moved to amend the decree, asking the trial court to remove the permanent restraining order. The trial court denied his motion and awarded Barbara $1,500 in attorney fees. Mariusz moved for reconsideration, arguing that the trial court should have removed the restraining order and should not have awarded Barbara attorney fees. The trial court denied his motion for reconsideration and confirmed the award of attorney fees, finding

---

[1] For clarity, we refer to the parties by their first names.

that (1) Mariusz's motion was frivolous because he did not rebut Barbara's evidence of post-restraining order harassment and (2) Barbara was on state assistance. Mariusz appeals.

ANALYSIS

I.  MOTION TO TERMINATE THE RESTRAINING ORDER

Mariusz argues that the trial court erred by denying his motion to terminate the restraining order. Because he failed to provide a sufficient record to review this issue, we affirm the trial court.

Whether to grant, modify, renew, or terminate a protection order is a matter of judicial discretion. *In re Marriage of Freeman*, 169 Wn.2d 664, 671, 239 P.3d 557 (2010); RCW 26.50.130(1). Therefore, we review a trial court's decision whether to terminate a protection order to determine if the decision was manifestly unreasonable or based on untenable grounds or reasons. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971). The appellant has the burden of providing a sufficient record to review issues raised on appeal. *Story v. Shelter Bay Co.*, 52 Wn. App. 334, 345, 760 P.2d 368 (1988).

Here, there is nothing in the record to establish the trial court's basis for denying Mariusz's motion. The trial court's order merely states, "the petitioner's motion to amend the permanent restraining order outlined in paragraph 3.8 of the decree is denied." Clerk's Papers (CP) at 76. The record does not include transcripts from the argument before the trial court or any other written or oral rulings by the trial court regarding this issue. Moreover, the record we do have supports the trial court's decision because it establishes that Mariusz violated a previous

2

restraining order concerning Barbara.[2] Without a record of the trial court's grounds and reasons for denying the motion, Mariusz cannot establish, as he must, that the decision was unreasonable or untenable. Indeed, he does not identify in his brief any allegedly unreasonable or untenable grounds that the trial court relied on. Therefore, we affirm the trial court. *See City of Spokane v. Neff*, 152 Wn.2d 85, 91, 93 P.3d 158 (2004) (affirming the trial court because, absent a record, the appellant cannot show that the trial court's decision was manifestly unreasonable).

## II. ATTORNEY FEES

### A. TRIAL

Mariusz argues that the trial court erred by awarding Barbara attorney fees. Again, Mariusz has failed to provide us with a complete record, but the evidence we do have supports the trial court's finding that the action was frivolous. We hold that the trial court did not err by awarding Barbara attorney fees.

We review a trial court's grant or denial of attorney fees to determine if the decision was manifestly unreasonable or based on untenable grounds or reasons. *Freeman*, 169 Wn.2d at 676; *Junker*, 79 Wn.2d at 26. Here, the trial court awarded Barbara attorney fees because it determined that the motion was frivolous and that she was on state assistance. The record does not support the finding that Barbara was on state assistance, but there is evidence to support the trial court's finding that the motion was frivolous.

---

[2] *See* RCW 26.50.130(3) (listing the factors for a court to consider in deciding whether to terminate a restraining order, including whether the respondent has committed or threatened domestic violence, sexual assault, stalking, or other violent acts since the order was entered and whether the respondent has violated the terms of the order).

RCW 4.84.185 allows the trial court to award the prevailing party attorney fees incurred in opposing a frivolous action. *Bldg. Indus. Ass'n of Wash. v. McCarthy*, 152 Wn. App. 720, 745, 218 P.3d 196 (2009). The trial court must first enter written findings that the action is frivolous. RCW 4.84.185. An action is frivolous if, considering it in its entirety, it cannot be supported by any rational argument based in fact or law. *Dave Johnson Ins., Inc. v. Wright*, 167 Wn. App. 758, 785, 275 P.3d 339, *review denied*, 175 Wn.2d 1008 (2012).

Here, the trial court found that the motion was frivolous because there was "no rebuttal of factual harassment post order." CP at 97. The record supports this finding: in 2004, Mariusz pled guilty to violating a restraining order. In other words, it was established that Mariusz had violated a previous restraining order involving Barbara. Because Mariusz has not provided us with a complete record, we cannot determine that the trial court erred by finding Mariusz's action frivolous in light of all of the evidence and argument. In sum, Mariusz cannot show that the trial court erred by finding that the action was frivolous and by awarding Barbara attorney fees.

B. APPEAL

Barbara argues that she should be awarded attorney fees on appeal because the appeal was frivolous and because courts have discretion to award fees for responding to a motion to terminate under RCW 26.50.130(6). "An appeal is frivolous if no debatable issues are presented upon which reasonable minds might differ, and it is so devoid of merit that no reasonable possibility of reversal exists." *Chapman v. Perera*, 41 Wn. App. 444, 455-56, 704 P.2d 1224 (1985). Here, Mariusz failed to provide a complete record, failed to identify any untenable grounds or reasons for the trial court's decision, and relied on an inapplicable version of the controlling statute. We award Barbara fees on appeal.

4

43067-3-II

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Penoyar, J.

We concur:

Hunt, J.

Bjorgen, J.